UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THAYER, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-0327 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On February 26, 2025, the court dismissed plaintiff's complaint with leave to amend.  Plaintiff has now filed an amended complaint which the court screens as required under 28 U.S.C. § 1915A(a).  Plaintiff has also filed a motion for a preliminary injunction.

I. Screening

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

　　　　The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's amended complaint must be

1

1  dismissed.  The court will grant plaintiff one more attempt to state a claim upon which he can
2  proceed in a second amended complaint.
3      Plaintiff alleges deprivation of mental health care but fails to point to anything specific
4  that caused him injury such as cessation of a particular medication or other treatment.  He does
5  allege that because of the reduction in care, plaintiff was housed with inmates he fears.  However,
6  petitioner does not explain why he feared them or provide support for the idea that his fear was
7  justified.  If plaintiff elects to file an amended complaint, plaintiff must point to specific facts
8  demonstrating how the actions complained of have resulted in actionable injury.  See Ellis v.
9  Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 unless
10 there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
12 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
14 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15 II. Motion for Preliminary Injunction

16     Because plaintiff fails to state a claim upon which relief can be granted, there is no basis
17 for preliminary injunctive relief.  Therefore, the motion will be denied without prejudice.
18 Plaintiff is informed that if he elects to file a motion for preliminary injunction with his second
19 amended complaint, the relief sought must also be sought in the second amended complaint.  The
20 court can grant "preliminary" injunctive relief only if a claim for permanent injunctive relief is
21 stated in the pleadings and is otherwise legally appropriate.

22     In accordance with the above, IT IS HEREBY ORDERED that:
23     1. Plaintiff's amended complaint (ECF No. 10) is dismissed.
24     2. Plaintiff is granted thirty days from the date of service of this order to file a second
25 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
26 of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear
27 the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure
28 /////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    3. Plaintiff's motion for a preliminary injunction (ECF No. 11) is DENIED without prejudice.

Dated: March 19, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gall0327.14(2)